## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| LA'SHUNDRA N. TUCKER, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00596-O-BP |
| | § | |
| THE UNIVERITY OF TEXAS | § | |
| AT ARLINGTON, | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

United States District Judge Reed O'Connor assigned this case to the undersigned for pretrial management by order entered on August 15, 2018. (ECF No. 9). Prior to entry of that Order, the Court authorized Plaintiff La'Shundra N. Tucker ("Tucker") to proceed in this Court *in forma pauperis* on August 1, 2018. (ECF No. 8). Before the Court are Tucker's Amended Complaint and Amended Statement of Claims (ECF Nos. 11-12) filed on February 3 and February 4, 2019, respectively. Also, before the Court are additional documents Tucker filed as attachments to her Amended Complaint on February 7, 2019. (ECF No. 14).

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** Tucker's claim under the Equal Pay Act of 1963 ("EPA") **WITH PREJUDICE**.

## I.      FACTUAL BACKGROUND

Tucker filed the instant lawsuit *pro se* against the University of Texas at Arlington ("UTA") on July 20, 2018, alleging that it violated Title VII and the EPA. (ECF No. 1). The undersigned entered Findings, Conclusions, and a Recommendation on January 29, 2019 (ECF

No. 10), recommending that Tucker's Title VII claim be dismissed with prejudice and her EPA claim be dismissed without prejudice to allow her an opportunity to file an Amended Complaint within the fourteen days allotted for objections. (*Id.* at 1). The undersigned also recommended that if Tucker filed an Amended Complaint repleading her EPA claim, the action should proceed on the Amended Complaint. (*Id.*).

Tucker filed an Amended Complaint and an Amended Statement of Claims (ECF Nos. 11, 12) on February 3 and February 4, 2019, respectively. She also filed additional documents as attachments to her Amended Complaint on February 7, 2019. (ECF No. 14). Because Tucker timely filed her Amended Complaint (ECF No. 11), Judge O'Connor entered an Order (ECF No. 13) on February 4, 2019, rendering the undersigned's Findings, Conclusions, and Recommendation moot.

As stated in her Amended Complaint and Amended Statement of Claims (ECF Nos. 11, 12), Tucker worked for the Student Legal Services Department of UTA between July 2012 and May 2015. (ECF No. 11 at 4; ECF No. 12 at 2). She claims that during this period, UTA discriminated against her based upon her race, color, gender, and sex. (ECF No. 11 at 4). She claims that UTA underpaid her and misclassified her job title as an Administrative Assistant. (*Id.* at 5; ECF No. 12 at 2). She alleges that UTA's policy dictated a certain level of compensation for an Administrative Assistant, and although she was classified as such, she was underpaid according to UTA's pay scale for this job title. (*Id.*). She also alleges that UTA retaliated against her by eliminating her position and the Student Legal Services Department, but she does not disclose a date for these events. (ECF No. 12 at 2). In the same paragraph, Tucker asserts that UTA eliminated the Student Legal Services Department because it posed a liability to the university. (*Id.*).

According to Tucker, UTA retaliated against her "by eliminating [her] position due to [the] Student Legal Services [Department] being a liability" and by eliminating the department "after several requests were made on [her] behalf asking for [an] increase [in pay,]" "which was promised to [her] by [UTA]." (*Id.*). Contrary to Tucker's allegations of retaliation, a letter contained in her filings states that UTA eliminated the Student Legal Services Department because it posed a liability to the university. (ECF No. 14 at 15). As a result, Tucker's working hours were reduced to part-time status as were another employee's. (*Id.*). UTA also determined that both Tucker and the other employee would "have the option to apply for other jobs at UT Arlington." (*Id.*). Tucker was made aware of this information on May 18, 2015 by letter from the Associate Vice Provost and Director of the University College. (*Id.* at 21). The letter informed Tucker that she could "grieve this decision within ten working days after . . . recei[pt] [of] this notice." (*Id.*). Tucker adhered to these directions and submitted a formal grievance to the Office of Human Resources. (*Id.* at 23-26). On June 16, 2015, Tucker received notice from the Associate Vice Provost and Director of the University College that a "decision [was] made to uphold the reduction-in-force." (*Id.* at 29).

Tucker filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2015, although the date of receipt states August 20, 2015. (*Id.* at 1; ECF No. 11 at 5; ECF No. 14 at 7). Tucker avers that on May 9, 2016, UTA received notice of her EEOC charge. (ECF No. 12 at 2-3). The EEOC mailed Tucker a notice of right to sue on March 31, 2017. (ECF No. 14 at 2). Tucker alleges that she received the notice of right to sue on June 29, 2017. (ECF No. 11 at 5).

Tucker filed her Original Complaint on July 20, 2018. (ECF No. 1). In it, she requested total compensatory damages of $1,728,000, which included $1,500,000 in general damages and

$228,000 in special damages. (*Id.* at 6). She also requested punitive damages totaling $1,500,000. (*Id.*). Finally, she requested damages for her pain and suffering in the amount of $3,500,000. (*Id.*). Her Amended Complaint repeats these same requested damages. (ECF No. 11 at 6).

## II.    LEGAL STANDARD

### A.    Judicial Screening

A district court may dismiss an action brought *in forma pauperis* at any time if the court finds that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (1996). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231-33 (5th Cir. 2002) (non-prisoner's suit filed *in forma pauperis* properly dismissed under § 1915  as frivolous and for failure to state a claim).

### B.    Pleading Standard

When filing a lawsuit in federal court, a plaintiff must state a claim for relief that contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

With respect to a *pro se* party, courts must liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

## III.   ANALYSIS

### A.   Tucker's EPA Claim Should Be Dismissed because Her Amended Complaint Fails to State a Claim upon which Relief can be Granted.

Tucker alleges that UTA violated the EPA by underpaying her because of her race, color, gender, and sex. (ECF No. 11 at 3-4; ECF No. 12 at 2). "The Equal Pay Act provides that no 'employer' shall unlawfully discriminate in the manner in which it pays its employees." *Hamlett v. Ashcroft*, No. 3:03-CV-2202-M, 2004 WL 813184, at *12 (N.D. Tex. Apr. 14, 2004) (citing 29 U.S.C. § 206(d)(1) and *Sherrod v. AIG Healthcare Mgmt. Servs.*, No. 3:99-CV-0518-P, 2000 WL 140746, at *3 (N.D. Tex. Feb. 4, 2000)). Particularly, "[u]nder the Equal Pay Act, an employer is prohibited from discriminating between employees on the basis of sex." *Hamlett*, 2004 WL 813184 at *12 (citing *Sherrod*, 2000 WL 140746 at *3) (internal quotations omitted).

Tucker is a *pro se* litigant, so the Court must liberally construe her pleadings, taking all well-pleaded allegations as true. *Johnson*, 999 F.2d at 100. Even after liberally construing Tucker's EPA claim against UTA, her Amended Complaint fails to state a claim because she does not allege any facts to show that UTA discriminated against her because of her sex. For instance, Tucker alleges that UTA's "statement regarding [her] as an Administrative Assistant

was also not true, because five (5) different other employees of Defendant worked and were compensated as Student Legal Services' Administrative Assistants." (ECF No. 12 at 2). Tucker further alleges that although UTA classified her job title as an Administrative Assistant, she was not compensated based on UTA's pay scale for this job title. (*Id.*; ECF No. 11 at 5). She alleges that UTA failed to promote her. (ECF No. 11 at 4). Tucker does not allege any facts to show that other employees of UTA of a different sex were paid more than she was for similar duties, with similar job titles, or based on similar qualifications. (*See generally* ECF Nos. 11, 12).

According to Tucker's allegations, the basis for her EPA claim appears to be both racial and sex-based discrimination given the checked boxes on her Amended Complaint. (ECF No. 11 at 4). To the extent that Tucker's EPA claim is based upon racial discrimination, it fails because racial discrimination is not a proper basis for an EPA violation. *Hamlett*, 2004 WL 813184 at *13. To the extent that her EPA claim is based upon sex-based discrimination, she fails to allege any supporting facts for these conclusory allegations in her Amended Complaint or Amended Statement of Claims. *Levitt*, 847 F.2d at 224 (citing *Bounds*, 430 U.S. at 825). (*See generally* ECF Nos. 11,12). Moreover, Tucker's EPA claim fails because she has not alleged facts to show sex-based discrimination, and her complaint's "conclusory allegations," "unwarranted deductions," or "legal conclusions" do not satisfy the *Twombly* and *Iqbal* pleading standard. *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Tucker's Retaliation Claim Should Be Dismissed because Her Amended Complaint Fails to State a Claim upon which Relief can be Granted.

Tucker alleges that UTA retaliated against her by eliminating her position and the Student Legal Services Department. However, her Amended Complaint does not set forth a specific federal statute other than the EPA under which her retaliation claim could be asserted. (ECF No. 11 at 4; ECF No. 12 at 2). Because she failed to allege any facts to support a claim

under the EPA for sex-based discrimination, her retaliation claim under that statute likewise fails.

###    C.    Tucker's EPA Claim Should Be Dismissed with Prejudice.

It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976). As a result, courts generally allow plaintiffs at least one opportunity to amend following a dismissal on the pleadings for failure to state a claim upon which relief can be granted. *Great Plains Tr. Co.*, 313 F.3d at 329; *see also In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Among other variables, a dismissal without prejudice is appropriate if a federal court finds that the plaintiff has not alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Tucker has already been given one opportunity to file an Amended Complaint to replead her EPA claim. Tucker filed an Amended Complaint (ECF No. 11), an Amended Statement of Claims (ECF No. 12), and additional documents (ECF No. 14) in support of her Amended Complaint. Nonetheless, she failed to replead sufficient facts to satisfy the *Twombly* standard with respect to her EPA claim. The undersigned concludes that she has pleaded her best case against UTA, and any further amendment of her pleadings would be futile. Accordingly, her claims against UTA should be dismissed with prejudice. *Great Plains Tr. Co.*, 313 F.3d at 329; *see also In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d at 548–49.

## IV.    CONCLUSION

Tucker's allegations that UTA violated the EPA based on her race fail to state a claim upon which relief can be granted. Moreover, Tucker does not allege any facts to support her claim that UTA discriminated and retaliated against her based on her sex. Despite having had an opportunity to amend her pleadings, Tucker's Amended Complaint fails to state a claim upon which relief can be granted and fails to satisfy the *Twombly* pleading standard. For these reasons, her Amended Complaint should be dismissed with prejudice.

### RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Tucker's Amended Complaint against UTA **WITH PREJUDICE**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

8

Signed **May 20**, **2019**.

_____

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE